THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KIRSTEN KISSINGER-CAMPBELL,**

    Plaintiff,

v.                                             CASE NO.: 8:08-CV-568-T-27TBM

**C. RANDALL HARRELL, M.D., P.A.,
and C. RANDALL HARRELL, M.D,**

    Defendants.
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW**

**COMES NOW** Plaintiff, KIRSTEN KISSINGER-CAMPBELL ("KISSINGER"), by and through her undersigned counsel, pursuant to Local Rule 3.01(c) and Section 8(a) of the Case Management and Scheduling Order, hereby files this Motion to Strike Defendants, C. RANDALL HARRELL, M.D., P.A. ("DEFENDANT CORPORATION") and C. RANDALL HARRELL, M.D. ("HARRELL")'s Second Motion for Summary Judgment, and in support thereof states as follows:

**MEMORANDUM OF LAW**

Defendants are attempting to circumvent clearly established local rules and this Court's order regarding summary judgment procedures by filing a second motion for summary judgment, when Defendants' first motion for summary judgment and Plaintiff's response in opposition have been pending before this Court for over two months. Local Rule 3.01(c) states that "[n]o party shall file any reply or further memorandum directed to the motion or response allowed in (a) and (b) unless the Court grants leave." Here,

Defendants filed in this Court their motion for summary judgment on July 21, 2008. Kissinger filed her response in opposition on August 11, 2008. On October 10, 2008, over two months later and without seeking leave of Court, Defendants filed in this Court their *second* motion for summary judgment, clearly disregarding local rule 3.01(c). It follows that Defendants' second motion for summary judgment must be stricken.

Furthermore, the Case Management and Scheduling Order from this Court, dated May 21, 2008, specifically proscribes multiple motions for summary judgment. Section 8(a) of the order states, "A party's claims or defenses for which summary judgment is sought <u>shall</u> be presented in a <u>single</u> motion and legal memorandum. Multiple motions for summary judgment will not be permitted." Emphasis in original. Thus, Defendants' second motion for summary judgment impermissible and must be stricken.

Finally, Defendants' reliance on case law is misplaced. Defendants cite *Cordoba v. Dillard's, Inc.* for the proposition that the "Eleventh Circuit does not restrict motions for summary judgment from being filed if they will conserve future judicial resources." Def.s' Sec. Mt. S.J., pg 1; 419 F.3d 1169, 1188 (11th Cir. 2005). However, in *Cordoba*, counsel for Dillard's understood the rules to allow only one motion for summary judgment in any action, and was waiting to file its motion until it could move for summary judgment on all available grounds, as the action was at an early stage of litigation. 419 F.3d at 1188. The Court responded by pointing out that nothing in Federal Rule of Civil Procedure 56 or the local rules limit parties to one motion for summary judgment, and that judges have broad discretion to rule on a motion for summary judgment at an early stage in the litigation if it will conserve future judicial

resources.  *Id.*  *Cordoba* is simply instructive regarding the *timing* of a motion for summary judgment.

Here, unlike *Cordoba*, a motion for summary judgment is already pending. Moreover, Defendants' violated local rules by failing to request leave from this Court before filing a memorandum directed to the first motion.  Finally, also unlike *Cordoba*, this Court has expressly ordered that multiple motions for summary judgment will not be permitted.  Therefore, *Cordoba* is not instructive to the facts at bar.  Because Defendants have violated local rules, disregarded this Court's order, and does not have supporting case law, their second motion for summary judgment must be stricken.  Accordingly, Kissinger respectfully requests that this Honorable Court enter an order granting Plaintiff's motion to strike Defendants' second motion for summary judgment.

Respectfully Submitted,

**FLORIN ROEBIG, P.A.**

Wil H. Florin

## CERTIFICATE OF RULE 3.01(g) COMPLIANCE

**I HEREBY CERTIFY** that, pursuant to Rule 3.01(g) of the Local Rules for the United States District Court for the Middle District of Florida, Counsel for Defendant has been contacted in a good-faith effort to resolve the issues raised in the instant motion. Counsel for Defendant opposes the relief sought herein.

Dated this 17th day of October, 2008.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 17th day of October, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to Craig L. Berman, Esquire, Berman Law Firm, P.A., 111 Second Avenue N.E., Suite 810, St. Petersburg, Florida, 33701.

**FLORIN ROEBIG, P.A.**

/s/ Wil H. Florin

Wil H. Florin, Esquire
Florida Bar No.: 0337234
777 Alderman Road
Palm Harbor, FL 34683
Telephone (727)786-5000
Facsimile (727)772-9833
Attorney for Plaintiff