**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**KIRSTEN KISSINGER-CAMPBELL,**

      **Plaintiff,**

vs.                                             Case No. 8:08-CV-568-T-27TBM

**C. RANDALL HARRELL, M.D., P.A.,
and C. RANDALL HARRELL, M .D.,**

      **Defendants.**

_____/

**DEFENDANTS' RULE 50(a) MOTION FOR
JUDGMENT AS A MATTER OF LAW**

Defendants, C. RANDALL HARRELL, M.D., P.A. and C. RANDALL HARRELL, M.D., by and through their undersigned counsel, will move for judgment as a matter of law following the Plaintiffs' case in chief. "A motion for judgment as a matter of law may be made *at any time before the case is submitted to the jury*. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2) (emphasis added). The pertinent issues anticipated are as follows:

      1.      Both statutory claims for retaliation must be dismissed as a matter of law. Any alleged act of interference occurred prior to the protected conduct on May 29, 2007 based on the undisputed testimony of Donielle DiTota. That Plaintiff reapplied with MyChoice in July 2007 and was then first informed of Defendants' April 2007 objection to MyChoice breaching its agreement not to solicit Defendants' employees does not

establish a new retaliatory act. There is no evidence of any kind that Defendants spoke with MyChoice in July 2007 or thereafter to impede Plaintiff from receiving a position.

2(a). The tortious interference claim must also be dismissed as a matter of law because there is no evidence (other than inadmissible hearsay) that Plaintiff would have, in all probability, been hired by MyChoice in April 2007 in the absence of Defendants' April 2007 communication with Vince Trapasso, part-owner of MyChoice. See <u>ISS Cleaning Servs. Group, Inc. v. Cosby</u>, 745 So. 2d 460, 462 (Fla. 4th DCA 1999) ("The only evidence presented that ISS tortiously interfered with Cosby's prospective business relationship with Controlled Services came in the form of Cosby's hearsay testimony that a "source" told him that the president of Controlled Services did not hire him because he learned of the non-compete agreement; however, no testimony was presented by the alleged "source." In addition, Cosby failed to present competent substantial evidence of an actual and identifiable agreement between Controlled Services and himself which in all probability would have been completed had the alleged interference not occurred. Thus, the trial court erred in denying appellants' motion for a directed verdict on Cosby's tortious interference claims").

2(b). At most, the record reflects that Plaintiff sent a resume to MyChoice for its consideration. This does not make out the required showing. "The thwarted business relationship need not be evidenced by an enforceable contract. An action for intentional interference is appropriate even though it is predicated on an unenforceable agreement, if the jury finds that an understanding between the parties would have been completed had the defendant not interfered. . . A mere offer to sell, however, does not, by itself, give rise to sufficient legal rights to support a claim of intentional interference with a

business relationship." Landry v. Hornstein, 462 So. 2d 844, 847 (Fla. 3rd DCA 1985). The undisputed testimony of Donielle DiTota confirms she had no power to hire or fire employees of MyChoice. DiTota was not competent to and did not testify that MyChoice would have hired Plaintiff were it free to do so in April 2007. Indeed, in April 2007, DiTota made a mere recommendation to the human resource department of MyChoice in favor of hiring Plaintiff. Trapasso informed DiTota in April 2007 that the application for employment from Plaintiff could not be considered because of the contract between MyChoice and the P.A. Plaintiff cannot offer hearsay through DiTota as to what Trapasso stated to her as proof that she would have been hired without Defendants' alleged act of interference. This communication from Trapasso to DiTota in April 2007 is what DiTota referred to in the July 23, 2007 email to Plaintiff in identifying the reason why MyChoice could not hire Plaintiff even if a vacancy had existed in July 2007.

3. The tortious interference claim must also be dismissed because there is no evidence that Defendants made a false or unjustified statement to Vince Trapasso in April 2007 with express malice as the sole basis for the conversation. A claim for intentional interference with a business or employment relationship requires a showing of both an intent to damage the business relationship and a lack of justification to take the action which caused the damage. Landry v. Hornstein, 462 So. 2d 844 (Fla. 3d DCA 1985). "A qualified privilege to interfere is not negated by concomitant evidence of malice. It is only when malice is the sole basis for interference that it will be actionable." McCurdy v. Collis, 508 So. 2d 380, 383 (Fla. 1st DCA 1987) (emphasis added).

4. Any other potential tortious interference claim must be dismissed because, as explained above, there is no non-hearsay evidentiary basis from which a jury could

rationally conclude that Plaintiff received or would have received an offer of employment from said physicians to whom Plaintiff claims she made applications for employment. There is also no evidence that said physicians had any communication with Defendants' about Plaintiff's job search.

5. Emotional distress damages are not recoverable under the FLSA as a matter of law.

6. Plaintiffs' economic damages between April and April 2007 must be limited to 1-2 days per week because that is the work for which Plaintiff applied in April 2007.

**WHEREFORE,** Defendants request that this Motion be granted following Plaintiffs' case in chief. Defendants reserve the right to amend this Motion if additional issues are apparent.

        Respectfully submitted,

        /s/ Craig L. Berman
        Craig L. Berman, Esq.
        BERMAN LAW FIRM, P.A.
        111 Second Avenue, N.E., Suite 706
        St. Petersburg, FL 33701
        Phone: (727) 550-8989
        Fax: (727) 894-6251
        Fla. Bar No. 068977
        cberman@tampabay.rr.com

        **ATTORNEY FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 27, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to Wilfried Florin.

                                                /s/ Craig L. Berman
                                                Attorney