THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KIRSTEN KISSINGER-CAMPBELL,**

    **Plaintiff,**

v.                                 **CASE NO.: 8:08-CV-568-T-27TBM**

**C. RANDALL HARRELL, M.D., P.A.,
and C. RANDALL HARRELL, M.D,**

    **Defendants.**
_____/

**RESPONSE IN OPPOSITION TO DEFENDANTS' AMENDED RENEWAL OF ITS
MOTION FOR JUDGMENT AS A MATTER OF LAW
AND ALTERNATIVE MOTION FOR A NEW TRIAL**

    **COMES NOW** Plaintiff, KIRSTEN KISSINGER-CAMPBELL ("Kissinger"), by and through her undersigned counsel, pursuant to the Federal Rules of Civil Procedure, hereby files this Response in Opposition to Defendants' Amended Renewal of its Motion for Judgment as a Matter of Law and Alternative Motion for a New Trial, and in support thereof states as follows:

**MEMORANDUM OF LAW**

**I.**    **Standard of Review for Rule 50 Motions**

    An "amended" motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) addresses the same arguments and utilizes precisely the same standard of review as motions for judgment as a matter of law made pursuant to Rule 50(a) at the close of all evidence. In deciding a Rule 50 motion, the Court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in its favor, and must not weigh the evidence. *Sulmeyer v. Coca Cola Co.,* 515 F.2d 835, 841 (11th Cir. 1975). Accordingly, in deciding any Rule 50 motion, "a district court's proper analysis is squarely and

narrowly focused on the sufficiency of the evidence. The question before the district court regarding a motion for judgment as a matter of law remains whether the evidence is 'legally sufficient to find for the party on that issue,' regardless of whether the district court's analysis is undertaken before or after submitting the case to the jury." *Chaney v. City of Orlando,* 483 F.3d 1221, 1227 (11th Cir. 2007), citing *Cleveland v. Home Shopping Network*, 369 F.3d 1189, 1192 (11th Cir. 2004).

Moreover, "the fact that Rule 50(b) uses the word 'renew[ed]' makes clear that a Rule 50(b) motion should be decided the same way it would have been decided prior to the jury's verdict, and that the jury's particular findings are not germane to the legal analysis." *Id.*, citing *Doe v. Celebrity Cruises,* 394 F.3d 891, 903 (11th Cir. 2004). After oral argument, this Court found the evidence to be legally sufficient to submit to the jury and denied Defendants' Rule 50(a) motion made at the close of evidence; Defendants' instant 50(b) motion should likewise be denied, considering that the evidence and the arguments are the same.

Finally, because Defendants' motion includes no record cites, no reference to exhibits, very little law, and is more-or-less a recitation of Defendants' (questionable) recollection of testimony and interpretation of evidence, the response below addresses what appear to be the primary issues in dispute, as ascertained from the instant motion and Defendants' Rule 50(a) motion.[1]

## II.  Evidence That Kissinger Was or Would Have Been Offered A Job

Defendants' reliance on *ISS Cleaning Svcs Group, Inc. v. Cosby*, 745 So.2d 460 (4th DCA 1999), is misplaced because, unlike the case at bar, the plaintiff in *Cosby* offered *zero* evidence of a potential job offer. The *only* piece of information, because it cannot even be

---

[1] Because the 50(b) motion can raise no new issues, and is simply a renewal of the prior 50(a) motion, it is only logical, especially in this circumstance where Defendants' 50(b) motion is rather incoherent and its arguments are substantially unsupported by law, that the 50(a) arguments provide guidance.

classified as evidence, was the plaintiff's own testimony that he had "heard" from "an unidentified source" that he was not hired because the potential employer had learned of plaintiff's non-compete (disclosure of same was the alleged interference by the defendant). *Id.* Here, based on their verdict, the jury presumably found that it was more likely than not that, although Donielle DiTota at MyChoice did not have the direct authority to hire, her recommendation and input influenced the ultimate decision in such a way that she would have been hired in April 2007 but for Defendants' interference. In fact, the email from DiTota specifically says that, regrettably, the company cannot hire Kissinger because of Defendants' actions. Evidence was presented that after Kissinger urged DiTota that their relationship would not be violative of any alleged "non-solicitation" clause, Kissinger was in fact hired by MyChoice. From this, the jury reasonably, and correctly, concluded that had Defendants not interfered, she would have retained employment with MyChoice when she initially attempted to. The inferences are logical and the evidence is sound. Accordingly, the evidence is legally sufficient and the verdict must not be disturbed.

Defendants' argument regarding the position at Medi Weight Loss centers almost exclusively around the testimony of Eva Gamaras, asserting that her testimony is "not legally sufficient evidence of tortious interference." However, Defendants then proceed to proffer arguments relating to the weight of the testimony, which is clearly prohibited when considering a Rule 50 motion. It is only when reasonable minds could not differ, and a reasonable jury could not find in Kissinger's favor that the inferences are unreasonable. Thus it is not for the Defendants' to attack the inferences drawn by the jury from Eva Gamaras' testimony, but rather its legal sufficiency.

Defendants argue that it is unreasonable for the jury to infer from Gamaras' testimony

that a business relationship was established and/or that Defendants interfered. However, Gamaras specifically testified "that he had told me that she had gotten a job or – she had gotten a job at the Medi Weight Loss Clinic or was seeking a position there and he made sure that she didn't get it." [Testimony of Eva Gamaras: 184-185 as Defendants' Exhibit A]. The inferences that she had a position – or even had been offered a position – and that Defendants made sure that opportunity or potential opportunity was lost are most certainly a reasonable, if not the only, conclusion to make. The determination of the effect of the evidence, i.e. the weight to assign the evidence and the witness's credibility, is not for the Court to decide. Finally, any arguments regarding the "incoherency" of Gamaras' testimony, as Defendants allege, are irrelevant because Defendants had more than ample time to cross examine the witness and clear up any questions that remained or alleged "inconsistencies."

As for the *legal* sufficiency of the testimony, such an admission by a party opponent is excluded from the hearsay rules under Fed.R.Evid. 801(d)(2)(A) and, at the very least, provides competent and substantial evidence from which the jury can infer tortious interference. This evidence is properly admissible and it is up to the jury to apply it in a reasonable fashion. Kissinger submits that as proof the jury was reasonable and deliberate in their evaluation of the evidence, the jury returned only a verdict for Kissinger's interference claim, and not for her retaliation claim. Because the evidence is legally sufficient and reasonable minds could differ on its effect, Defendants' motion must be denied.

**III.   Although It Fails As a Matter Of Law, Defendants Are Barred From Arguing Emotional Damages In The Tort Claim Because It Was Not Previously Raised**

Defendants are barred from raising the issue of emotional distress damages regarding the tort claim, and nevertheless are fundamentally incorrect in their elucidation of such damages. Since a 50(b) motion is "technically only a renewal of the motion for a directed verdict made at

the close of the evidence, it cannot assert a ground that was not included in the motion for a directed verdict." *Sulmeyer,* 515 F.2d at 846. Regardless, the case law upon which Defendants rely to support its argument that Kissinger's emotional distress damages must be stricken analyzes only to the burden of proving lost profits under a new business standard. In reality, it is well established that "the standard of review for awards of compensatory damages for intangible, emotional harms is deferential to the fact finder because the harm is subjective and evaluating it depends considerably on the demeanor of the witnesses." *Munoz v. Oceanside Resorts Inc.,* 223 F.3d 1340, 1349 (11th Cir. 2000), quoting *Ferrill v. Parker Group, Inc.,* 168 F.3d 468, 467 (11th Cir. 1999). Therefore, not only is Defendants' argument improper, it is incorrect, and the verdict must remain undisturbed.

## IV. Request For Rule 59 Relief

The jury's verdict is not "tainted," as Defendants argue, nor is it against the great weight of the evidence, and Defendants request for a new trial must fail. In ruling on a motion for a new trial, the Court is permitted to weigh the evidence, but must find that the verdict is contrary to the great – not merely the greater – weight of the evidence. *Watts v. Great Atlantic and Pacific Tea Co., Inc.,* 842 F.2d 307, 310 (11th Cir. 1988). Here, Defendants essentially argue damages, double recovery, counsel misconduct, and erroneous admission of evidence by this Court. Kissinger will briefly address each in turn and illustrate why each fails quite simply as either a mistake of fact, or a mistake of law.

Defendants argue that no emotional distress damages associated with the MyChoice position can be awarded to Kissinger due to the "guilt" she felt as a mother having to travel because this was her job preference. The evidence showed that when she initially applied to MyChoice, it was for a local position that would not involve travel. That was the position for

which she was not hired as a result of Defendants' interference. When the "interference" cleared and MyChoice offered her employment, the position she sought was filled and all that remained were positions requiring travel. Clearly, not against the great weight of the evidence.

Defendants' "double-recovery" argument cannot survive because it relies on a case applying Tennessee law involving an election of remedies issue (contract v. tort) and a legally insufficient special verdict form. "Double-recovery" in this sense refers to the recovery of damages for the same wrong based on different legal theories. Here, Kissinger advanced one legal theory – tortious interference – as to two circumstances. Each instance of interference is a separate wrong, rather than the same wrong advanced in competing legal theories. A party is entitled to a recovery "for each distinct item of compensable damage supported by the evidence." *Hickson Corp. v. Norfolk Southern Railway Co.,* 260 F.3d 559, 567 (11th Cir. 2000). Clearly, not against the great weight of the evidence.

Misconduct of counsel is a serious allegation and should not be taken so lightly by Defendants. Defendants allege that Plaintiff's counsel improperly elicited hearsay testimony that was plainly barred by this Court's *in limine* ruling as to hearsay issues. Before allegations of misconduct, Defendants should find themselves professionally and ethically obligated to be certain of the facts forming such accusations. Although some of the questions asked by Plaintiff's counsel were ruled as hearsay, as is the case in every trial, they were most certainly not in violation of the *in limine* ruling, and more importantly were not intentional or improper. Plaintiff's counsel is confident that once Defendants review this Court's ruling, or even the minute entries made by the clerk on docket in this matter, they will find that the Court specifically reserved ruling as to hearsay issues, agreeing with Plaintiff's counsel that a blanket ruling as to "all hearsay" was not proper as an *in limine* ruling, and that hearsay issues would be

evaluated and ruled upon pursuant to each individual objection. Clearly, this is not a proper basis for a new trial.

Finally, Defendants take issue with the "erroneous admission of evidence" by this Court and the "spillover" effect of retaliation evidence into the tort claim. Defendants cannot take issue with each evidentiary ruling that did not fall in their favor. To be entitled to a new trial, Defendants must show that they were unfairly prejudiced by such "erroneous admissions." In fact, Defendants point to nothing specific. The "spillover" effect is simply a red herring to divert create a non-existent issue and divert attention away from the retaliatory conduct and mean-natured spirit of Defendants. It is not logical to argue that evidence of Defendants' express intention to "go after" Kissinger's character has no relevance to the interference claim. Both FLSA retaliation and tortious interference are retaliatory in nature. Indeed, a claim for tortious interference necessarily includes a showing of malice. In fact, Defendants undo their own argument in their Rule 50(a) motion where they quote, "[e]vidence of post-breach behavior is certainly relevant in intentional interference claims insofar as it provides insight into the defendant's pre-breach knowledge or state of mind." Citing *Crown Equip. Corp. v. Toyota Material Handling, USA, Inc.,* 202 Fed.Appx.108 (6th Cir. 2006). Thus, this Court must disregard what is clearly an attempt to manufacture an issue to avoid the real issue – that the jury's verdict is not against the great weight of the evidence, and that a new trial must not be granted.

## **CONCLUSION**

Based on the foregoing, Kissinger respectfully requests that this honorable Court find the evidence in the instant action as legally sufficient and the verdict not against the greater weight of the evidence, and enter an order denying Defendants' motion.

7

Respectfully Submitted,

**FLORIN ROEBIG, P.A.**

/s/ Wil H. Florin

**Wil H. Florin**
Florida Bar No.: 0337234
whf@florinroebig.com
**Lindsey C. Kofoed, Esquire**
Florida Bar No.: 63956
lck@florinroebig.com
777 Alderman Road
Palm Harbor, FL 34683
Telephone (727)786-5000
Facsimile (727)772-9833
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 8th day of July, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to Craig L. Berman, Esquire, Berman Law Firm, P.A., 111 Second Avenue N.E., Suite 810, St. Petersburg, Florida, 33701.

**FLORIN ROEBIG, P.A.**

/s/ Wil H. Florin

**Wil H. Florin, Esquire**
Florida Bar No.: 0337234
whf@florinroebig.com
**Lindsey C. Kofoed, Esquire**
Florida Bar No.: 63956
lck@florinroebig.com
777 Alderman Road
Palm Harbor, FL 34683
Telephone (727)786-5000
Facsimile (727)772-9833
Attorneys for Plaintiff